## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 1 8 2008

**GREGORY C. LANGHAM**
CLERK

Civil Action No.     **'08 - CV - 01749**

(To be supplied by the court)

_____

**RANDY W. GASPER #53109**_____, Applicant,

v.

**STEVE HARTLEY, Warden, Limon Correctional Facility**_____, Respondent,

(Name of warden, superintendent, jailer, or other custodian)

    and

The Attorney General
of the State of:     **COLORADO**_____, Additional Respondent.

(Note: If you are attacking a judgment that imposed a sentence to be served in the future, you
must fill in the name of the state where the judgment was entered. If you have a sentence to be
served in the future pursuant to the judgment of a federal court, you should file a motion
pursuant to 28 U.S.C. § 2255 in the federal court that entered the judgment.)

**RECEIVED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG - 6 2008

**GREGORY C. LANGHAM**
CLERK

## APPLICATION FOR A WRIT OF HABEAS CORPUS
## PURSUANT TO 28 U.S.C. § 2254

### A. CONVICTION UNDER ATTACK

1.   Name and location of the court that
entered the judgment of conviction
you are attacking:

    **DISTRICT COURT, CITY & COUNTY OF DENVER
State of Colorado / 1437 Bannock Street
Denver, Colorado 80202**

2.   Date the judgment of conviction
was entered:

    **December 4, 1995**

(Rev. 3/27/08)

3.  Case number:                          95CR2393

4.  Describe the type and length of       **Imprisonment in Colorado Department of Cor-**
    sentence imposed:                     **rections; 7-years**

5.  Are you serving a sentence that was
    imposed for a conviction other than
    the conviction you are attacking in
    this application?                      ___ Yes **XX** No  (CHECK ONE)

6.  Nature of the offenses with which      **Second Degree Burglary**
    you were charged: (all counts)

7.  On which counts were you
    convicted?                             **Second Degree Burglary**

8.  What was your plea?                     **Guilty**

9.  If you pled guilty pursuant to a plea
    bargain, describe the terms and        **To be served consecutively to prior**
    conditions of the plea:                **conviction.**

10. Kind of trial:                         **NA** Jury **NA** Judge only  (CHECK ONE)

11. Did you testify at trial?              **NA** Yes **NA** No  (CHECK ONE)

## B. DIRECT APPEAL

1.  Did you file a direct appeal?          ___ Yes **XX** No  (CHECK ONE)

2.  Name and location of court in
    which the direct appeal was filed:     **NA**

(Rev. 3/27/08)                  2

3.   Date and result of direct appeal
     (attach a copy of the decision if
     available):                        **NA**

4.   Did you seek review in the state's
     highest court on direct appeal?    ___ Yes**NA**__ No  (CHECK ONE)

5.   Date and result of review in state's
     highest court (attach a copy of the
     decision if available):            **NA**

6.   List the claims raised on direct
     appeal:                            **NA**

     _____

     _____

     _____

     _____

7.   Were all claims raised on direct
     appeal presented to the state's
     highest court?                     ___ Yes**NA**___ No  (CHECK ONE)

8.   If you did not file a direct appeal or
     if you did not present all of your
     claims to the state's highest court,
     explain why:                       **NA**

     _____

## C. POSTCONVICTION PROCEEDINGS

1.   Other than a direct appeal, have you initiated any
     postconviction proceedings with respect to the
     judgment under attack in any state or federal
     court?                             **XX** Yes ___ No  (CHECK ONE)

(Rev. 3/27/08)                    3

2.  If you answered "Yes" to question 1., give the following information for each postconviction proceeding.  If you have initiated more than one postconviction proceeding, use extra paper to list each proceeding using the format below.

A.  Name and location of court:  **DISTRICT COURT, CITY & COUNTY OF DENVER**
    **1437 Bannock Str. / Denver, CO 80202**

B.  Type of proceeding:  **HABEAS CORPUS:(SEE: Attached Copy of same.)**

C.  Date filed:  **May 7, 2008**

D.  List the claims raised:  **EX POST FACTO VIOLATION IMPLICATING 14th Amend.**
    **Due Process/Equal Protection Under the Law Rights**

E.  Date and result (attach a copy of the decision if available):  **July 1, 2008: DENIED (SEE: Attached copy of same) (Case No. 08CV3823).**

F.  Did you appeal?  **NA**__ Yes ___ No (CHECK ONE)

G.  Date and result on appeal (attach a copy of the decision if available):  **NA**

H.  Did you appeal to the state's highest court?  **XX**__ Yes ___ No (CHECK ONE)

I.  Date and result of appeal to highest state court (attach a copy of the decision if available):  **July 17, 2008: DENIED / Case No. 08SA240 /**
    **SEE: Copy Attached of Same.**

## D. CLAIMS

CAUTION: To proceed in federal court, you ordinarily must exhaust the remedies available to you in the state courts for each claim asserted in this action. If you fail to assert all your claims in this application, you may be barred from presenting additional claims at a later date. State concisely every claim that you wish to assert in this action. For each claim, specify the right that allegedly has been violated and state all supporting facts that you consider important. You do not need to cite specific cases to support your claim(s). If you need additional space to describe any claim or to assert additional claims, use extra paper to continue the claim or to assert the additional claims. Identify clearly any additional pages that you attach to this form.

1.  Have you fairly presented to the state's highest court each of the claims asserted in this action?   **XX**Yes __ No (CHECK ONE)

2.  If you answered "No" to question 1., list the claims that have not been fairly presented to the state's highest court and explain why:   **NA**

3.  Claim One:   **EX POST FACTO VIOLATION: Implicating the 14th Amendment Due Process/Equal Protection Under the Law Rights.**

   A.  Supporting facts:

   **DATE OF OFFENSE:** May 7, 1995 (95CR2393) (<u>SEE: EXHIBIT B-1</u>: Attached Copy of Sentencing Mittimus for 95CR2393)

   **OFFENSE:**   Second Degree Burglary: C.R.S. §18-4-203: Which at the time of the offense was designated a **"non-violent"** offense: (<u>SEE: EXHIBIT B-1</u>, attached copy of sentencing mittimus; and, information concerning §18-4-203, second degree burlgary found in 1995 volume of Colorado Revised Statutes designating same.)

(continued on page 5a)

   B.  If this claim was not raised on direct appeal or in one of the state postconviction proceedings already described above, explain how you have exhausted state court remedies for this claim:

   **NA**

(Rev. 3/27/08)                    5

## D. CLAIMS

CLAIM ONE: Con't:

3. <u>EARNED-TIME STATUS</u>:   The C.R.S. governing authority at the time of the Petitioner's offense, was C.R.S. §17-22.5-405 (viz., post-July 1, 1993. <u>SEE</u>: C.R.S. volume for 1995 in effect on May 7, 1995 when offense occurred.)

4. <u>DATE OF PETITIONER'S RELEASE FROM C.D.O.C. UNTO PAROLE</u>:
November 22, 2005.

5. <u>DATE OF PETITONER'S PAROLE REVOCATION</u>:
July 28, 2007.

6. <u>TOTAL TIME PETITIONER WAS ON PAROLE</u>:
Twenty-months (20) and six (6) days.

7. <u>AMOUNT OF EARNED TIME TO BE GIVEN TO PETITIONER WHILE ON PAROLE PURSUANT TO C.R.S. 1993 §17-22.5-405</u>:
10-days per month.

8. <u>ACCORDING TO 1993 C.R.S. §17-22.5-405, DOES SUCH AWARDED EARNED-TIME VEST?</u>
Yes.

9. <u>PURSUANT TO THE FOREGOING STATUTORY MANDATES, WHAT AMOUNT OF EARNED-TIME SHOULD HAVE BEEN AWARDED TO THE PETITIONER WHILE HE WAS ON PAROLE?</u>

Per the 20-months the Petitioner was on parole, at 10-days per month earned-time, the Petitioner should have received 200-days earned time, thereby reducing his sentence by said 200-days.

10. <u>DID THE PETITIONER RECEIVED THE MANDATED EARNED-TIME FOR THE TIME HE SERVED WHILE ON PAROLE?</u>
No.

11. <u>WHY WAS PETITIONER NOT AWARDED THE EARNED-TIME DUE HIM PURSUANT TO C.R.S. §17-22.5-405?</u>

Petitioner's parole officer, Ivan Williams, failed to comply with C.R.S. §17-22.5-405 which mandates that parole officers are to conduct semi-annual (viz., every 6-months) reviews  at which time they are to award said earned-time to parolees such as the case of the Petitioner.

## D. CLAIMS

CLAIM ONE: con't

Williams simply failed to conduct said 6-month review and therein failed to award the 10-days a month earned-time credits which the statute mandated be awarded to the Petitioner.

ADDITIONALLY: C.D.O.C. Administrative Regulation ("AR") 550-12, also mandates the awarding of said earned-time.

12. WHAT HAPPENED AFTER THE PETITIONER'S PAROLE WAS REVOKED?

When the Petitioner requested that the 200-days earned time due him was awarded, he was denied, Thereupon the the Petitioner filed his C.D.O.C. Grievance, requesting that the Defendant's comply with the statutory mandate which applied to his case upon the date of the offense.

On April 17, 2008, in the Step III Grievance #DR07/08 SCF, the Defendant/REspondents in this case denied the the Petitioners request to be awarded the earned-time due him.

13. ON WHAT GROUNDS DID THE RESPONDENTS DENY THE PETITIONER'S REQUEST?

The Respondent's denied the Petitioner's request by re-lying upon "House Bill ("HB") 1087, which sets forth that those convicted of a violent crime cannot receive earned-time while on parole; and by inference, since second degree burglary is a violent crime, the Petitioner could not receive any earned-time while on parole.
(SEE: EXHIBIT C, attached copies of Step I and Step III Grievance filed by Petitioner.)

14. Thereafter the Petitioner filed his Habeas Corpus motion in Denver District Court, setting forth the fact that the Petitioner was not sentenced under the authority of HB 1087, but instead sentenced under the authority of the 1993 Statutes governing second degree burglary, and, under the 1993 law in effect at the time of the Petitioner's offense, second degree burglary was not designated a crime of violence; rather it was designated a non-violent offense. (SEE: Attached copy of said habeas corpus: viz., as EXHIBIT A.) (SEE: EXHIBIT B2, Attached copy of habeas corpus denial.)

ADDITIONALLY: The Petitioner thereafter filed his PETITION FOR WRIT OF MANDAMUS PURSUANT TO C.A.R. 21

## D. CLAIMS

CLAIM ONE: con't

>In Re: Case No. 08CV3823.  (SEE: Attached copy of same, viz., EXHIBIT D.)
>
>Without making findings of fact nor conclusions of law, the Colorado Supreme Court simply denied said mandamus on July 17, 2008. (SEE: Copy of same, EXHIBIT E.)

15.   The HB95-1087 upon which the Respondent's relied in denying the award of said earned-time credits to the Petitioner, concerns an amendment to C.R.S. §17-22.5-405, which relates to the change made which changed second degree burglary from a non-violent offense to a violent offense. (§18-4-203). This amendment was enacted and placed into effect on May 24, 1995.

However, since the Petitioner's date of offense was May 7, 1995, said May 24, 1995 amendment cannot be applied retroactively; viz., ex post facto to the Petitioner's case. Therefore, both C.D.O.C. and the State court Resondent's in their application of HB1087 to the Petitioner, have committed an ex post facto violation implicating the Fourteenth Amendments Due Process and Equal Protection Under the Law guarantee prohibiting same.

In short, the Respondent's have misapplied the relevant law in this case, thereby imposing upon the Petitioner a greater penalty than he is actually liable for under the law in effect at the time of his offense.

Such ex post facto application by the Respondent's is prohibited by the Fourteenth Amendment. SEE: Ex post facto legislation is prohibited by Article II, Section 11 of the Colo. Const., and Article I, Section 9 of the U.S. const. People v. Woodward, 11 P.3d 1090, 1092 (Colo. 2000). Both federal and Colorado courts apply the same standard for determining whether a law is ex post facto:

>"It is settled, by decisions of [the U.S. Supreme Court]...that any statute which punishes as a crime an act previously committed which was innocent when done, which makes more burdensome the punishment of a crime after its commission, or which deprives one charged with crime of any defense available according to law at at the time when the act was committed, is prohibited as ex post facto."

Beazell v. Ohio, 269 U.S. 167, 169-70  (1925). SEE ALSO: Fultz v. Embry, 158 F.3d 1101, 1102 (10thCir.1998) (to fall within the ex post facto prohibition, a law must disadvantage the offender affected by it, by altering the definition of criminal conduct or increasing the punish-

## D. CLAIMS

CLAIM ONE: con't:

ment for the crime.); AND: People v. District Court,
834 P.2d 181, 195 (Colo.1992)(applying United States
Supreme Court precedent.)

Therefore, the Petitioner requests that this Honorable
Federal Court issue an order prohibiting the Respondent's from
their continuing violation of the Petitioner's Fourteenth
Amendment guarantee protecting him from such ex post facto
application of the law, thus permitting the Petitioner to
receive the earned-time he is eligible to receive for the twenty
(20) months he served while on parole.

4.   Claim Two:   **FOURTEENTH AMENDMENT, Due Process and Equal Protection Under the Law Violation:**

   A.   Supporting Facts:

1.   **Pursuant to 17-22.5-405, and 18-4-203, 1993 C.R.S. which were the governing statutory authority in effect at the time of the offense in Case No. 95CR2393, said statute(s) mandated that the Petitioner's parole officer and/or the Respondent's in this case, have conducted a semi-annual, viz., once every 6-months, review to determine whether or not the Petitioner had complied with the statutory criteria allowing the Respondent's to award 10-days per month to the Petitioner for each month Petitioner served while on parole.**

                                                             **con't:**

   B.   If this claim was not raised on direct appeal or in one of the state postconviction proceedings already described above, explain how you have exhausted state court remedies for this claim:

5.   Claim Three: _____

   A.   Supporting facts:

   B.   If this claim was not raised on direct appeal or in one of the state postconviction proceedings already described above, explain how you have exhausted state court remedies for this claim:

(Rev. 3/27/08)                          6

## D. CLAIMS

<u>CLAIM TWO</u>: con't:

However, the Respondent's failed to conduct such review, and thereby deprived the Petitioner of the opportunity enjoyed by others situated  in the same class of individuals, viz., those persons on parole; of the benefit of receiving 10-days per month of earned-time for each month he served while on parole.

<u>ADDITIONALLY</u>: When the Petitioner requested such statutory - mandated process concerning the receipt of said 10-days per month of vested earned-time, the Respondent's refused to comply with the statutory authority mandating same.

The Petitioner contends that he has a liberty interest in said earned-time receipt, and that to fail to comply with the statutory mandate concerning same, is a Fourteenth Amendment violation,  implicating the Due Process and Equal Protection Under the Law Rights of the Petitioner. <u>SEE</u>: <u>Patten v. North Dakota Parole Board</u>, 783 F.2d 140 (8thCir. 1986)(State statutes, rules and regulations can create a constitutionally protected liberty interest.) <u>SEE ALSO</u>: <u>Perry v. U.S. Parole Comm'n.</u>, 831 F.2d 811 (8thCir.1987) <u>Supt. Massachusetts Corr. Inst. v. Hill</u>, 472 U.S. 445, 86 L.Ed.2d 356, 105 S.Ct. 2768 (1985)(Prisoner has constitutionally protected liberty interest in good time credit.

Therefore, the Petitioner requests this Honorable Federal Court issue an order directing the Respondents to comply with C.R.S. statutory authority concerning the Respondents to conduct the semi-annual reviews of the 20-months the Petitioner was in compliance while serving said time on parole, in order that as per statutory criteria and authority governing the receipt of vested earned-time, that said 10-days per month earned-time for each of the 20-months the Petitioner served while on parole, be made available and awarded to the Petitioner.

Moreover, the Petitioner acknowledges that while the Fourteenth amendment right implicated in his Claim One of this petition is similar to the same being raised in this Claim Two, nonetheless, this Claim Two is somewhat different. Be that as it may, the Petitioner respectfully affirms that as the Claim(s) raised herein are both matters of <u>de novo</u> law, that in the interests of judicial economy and finality, that this Honorable Federal Court may properly review this Claim Two and make findings of fact and conclusions of law in order to resolve the Petitioner's claims.

## D. CLAIMS

<u>CLAIM TWO</u>: con't


        Finally, there is also the matter concerning the
immediate release of the Petitioner: Once the Respondent's
are ordered to cease their improper ex post facto , <u>mis-</u>
<u>application</u> of the law to the Petitioner, and upon the proper
review and awarding of the 200-days earned-time, the Petitioner
will in fact be immediately released from incarceration in
prison. The Petitioner will, in fact, be free of any incar-
ceration whatsoever; and/or the limitations thereof, including
parole.  It is therefore proper that the Petitioner be afforded
the expedited opportunity to obtain meaningful remedy which
these federal habeas corpus proceedings provide.

## E. PRIOR APPLICATIONS

1.   Other than the instant action, have you filed any
     action in federal court challenging the conviction
     under attack in this action?                     __ Yes **X** No  (CHECK ONE)

2.   If you answered "Yes" to question 1., give the following information for each prior
     federal court action challenging the conviction under attack in this action.

     A.   Name and location of court:     **NA** _____

     B.   Case number:                    **NA** _____

     C.   Type of proceeding:             **NA** _____

     D.   List the claims raised:         **NA** _____

     E.   Date and result (attach a
          copy of the decision if
          available):                     **NA** _____

3.   If the instant application is a second or successive
     application, have you obtained authorization from
     the United States Court of Appeals for the Tenth
     Circuit for this court to consider the application?   __ Yes**NA** No  (CHECK ONE)

## F. TIMELINESS OF APPLICATION

If the judgment of conviction under attack in this action became final more than one year ago,
explain why the application is not barred by the one-year limitation period in 28 U.S.C.
§ 2244(d).  Attach additional pages, if necessary.

The claim(s) being raised herein did not become actionable until
the Respondents violation of the Constitutional rights of the
Petitioner occurred. Since said violation first took place
on or about July 28, 2007; and/or in the alternative, on
December 28, 2007 when the Respondent's denied his Step I
Grievance in which he requested the Respondent's to cease
their ex post facto violation of his 14th Amendment rights;
and to comply with the C.R.S. statutory mandate governing
the process concerning the awarding of earned-time, this applica-
tion is timely pursuant to the AEDPA's 1-year limitation.

(Rev. 3/27/08)                    7

## G. OTHER CONVICTIONS

1. Do you have any concurrent or future sentence(s) to be served after you complete the sentence imposed as a result of the conviction under attack?

   ___ Yes __X__ No  (CHECK ONE)

2. If you answered "Yes" to question 1., give the following information for each sentence:

   A. Name and location of the court: _____ **NA** _____

   B. Case number: _____ **NA** _____

   C. Type and length of sentence: _____ **NA** _____

## H. LEGAL REPRESENTATION

1. List the names and address, if known, of each attorney who has represented you in proceedings regarding the conviction under attack:
   **SCOTT ROBINSON, Esq. (Address unknown)**

   A. Preliminary hearing: _____ **Same** _____

   B. Arraignment and plea: _____ **Same** _____

   C. Trial _____ **NA** _____

   D. Sentencing: _____ **Same** _____

   E. Appeal: _____ **NA** _____

   F. Postconviction proceedings: _____ **RANDY W. GASPER, pro se** _____

   G. Appeal from any adverse ruling in postconviction proceedings: _____ **Same** _____

(Rev. 3/27/08)                    8

## H. REQUEST FOR RELIEF

I request the following relief:

    **(1) First, that the Respondent's be ordered to cease their ex post facto misapplication of the law; and, that they recognize and apply the correct law in effect at the time of my offense; viz., as of May 7, 1995. (2) Second, that the Respondent's be ordered to comply with C.R.S. statutory authority, and to conduct the reviews which they failed to do in determining the awarding of earned-time of 10-days per each of the 20-months I served while on parole; any other remedial action this Honorable Federal Court deems appropriate.**

## DECLARATION UNDER PENALTY OF PERJURY

    I declare under penalty of perjury that I am the applicant in this action, that I have read this application, and that the information in this application is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed on  *July 28, 2008.*
             (Date)

                                      *Randy W. Gasper*
                                   (Applicant's Original Signature)

Applicant's prisoner identification number and complete mailing address:

RANDY W. GASPER #53109 / LCF LU 5 / 49030 St. Hwy. 71 /

Limon, Colorado 80826

Respondents' names and complete mailing addresses:

STEVE HARTLEY: Warden, LCF / 49030 St. Hwy. 71 / Limon, CO 80826, and

ATTORNEY GENERAL OF THE STATE OF COLORADO / 1525 Sherman Street, 5th Fl. /

Denver, CO 80203

**EXHIBIT A**

# EXHIBIT A.

| | |
|---|---|
| District Court: **DENVER** County, Colorado<br>Court Address: 1437 BANNOCK Street<br>DENVER, CO. 80202<br>Civil Case No. 2008 CV 3823<br><br>**Plaintiff/Petitioner**: Randy W. Gasper,<br><br>v.<br><br>**Defendant/Respondent**: Colorado Department Of<br>Corrections, Aristedes Zavaras, Executive<br>Director, | ▲ **COURT USE ONLY** ▲ |
| Attorney or Party Without Attorney (Name and Address):<br>Randy W. Gasper, Petitioner, Pro Se Counsel<br>D.O.C. Register No. 53109<br>Limon Correctional Facility<br>49030 State Hwy. 71<br>Limon, Co. 80826<br>Phone Number: N/A    E-Mail: N/A<br>FAX Number: N/A    Atty. Reg #: N/A | Case Number: 2008 CV 3823<br><br>Division:    Ct. Room: 6 |
| PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO C.R.S. 13-45-101 et seq. | |

COMES NOW Randy W. Gasper, in the legal capacity pro se counsel, and in a good - faith effort, does hereby submit his Petition For Writ Of Habeas Corpus Pursuant To C.R.S. 13-45-101 et seq., and as grounds therefor, states as follows:

1.) On March 16, 1993, Petitioner was arrested in Case No. 93 CR 567, and subsequently pled guilty to Possession Of A Controlled Substance in violation of C.R.S. 18-18-405, and received a sentence of seven - years in the Colorado Department Of Corrections, (hereinafter D.O.C.). Said conviction in this matter is statutorily classified as a "NONVIOLENT FELONY OFFENSE", (Pursuant to C.R.S. 18-18-405); ( See,"EXHIBIT A."), Arapahoe County Colorado Court Mittimus, Case No. 93 CR 567.

2.) On May 7, 1995, Petitioner was arrested for Second Degree Burglary in violation of C.R.S. 18-4-203. Subsequently Petitioner pled guilty to this same ( C.R.S. 18-4-203 ) statutory violation and received a sentence of seven - years in the D.O.C. to be served consecutively to the seven - year sentence he received in Case NO. 93 CR 567. At the time Petitioners "DATE OF OFFENSE", (i.e. May 7,1995), C.R.S. section 18-4-203 was classified as a "NONVIOLENT OFFENSE" per statutory law; (See "EXHIBIT B."), Denver County Colorado Court Mittimus, Case No. 95 CR 2393.

3.) State Statutes are the Governing Authorities in this matter and at the time of Petitioners arrest, i.e. May 7, 1995, his crime was statutorily-classified as a "NONVIOLENT FELONY OFFENSE" per purposes of "Earn-time" awards pursuant to the ( Post July 1st, 1993 ) statutory - law which governs this case and confers Petitioner the absolute legal-right to receive earn-time credits pursuant to the mandates of C.R.S 17-22.5-405, the governing authority at the time of Petitioners May 7,1995 arrest.

PETITION FOR WRIT OF HABEAS CORPUS;
Page 2.)

---

4.) On November 22,2005 Petitioner was released from the D.O.C. to begin service of his Mandatory term of parole. Petitioners Mandatory term of parole is in Case No. 95 CR 2393, and this term of parole was for a period of 0-3 (Zero to Three) years of parole.

5.) On July 28,2007, Petitioners parole was revoked for the first time. At the time of Petitioners first revocation of parole, Petitioner had spent a total of one-year, eight months and approxiamately six days,(i.e. Twenty months and six days),on on his legal term of Mandatory parole.

.6) The Governing Authority in place at the time of Petitioners May 7,1995 arrest regarding Statutory earn time is the July 1,1993 version of C.R.S. 17-22.5-405 which states in relevant part that,"An offender who is sentenced and paroled for a nonvio - lent felony offense committed on or after July 1,1993, shall be eligible to receive any earned time while such offender is on parole but shall not be eligible for earned time while such offender is reincarcerated after a revocation of the mandatory period of parole pursuant to section 18-1.3-401(1)(a)(V),C.R.S.

7.) Petitioner does not dispute that he is not (further) eligible for earned time after his first,(i.e. July 28, 2007) parole revocation... however, Petitioner does hereby assert that up to the date of his first parole revocation,(July 28,2007),C.R.S. 17-22.5-405 indisputably confers up on the Petitioner the right to receive earn time while on parole. The statute in relevant part mandates that Petitioner "SHALL",(emphasis added), be eligible to receive any earned time while on parole. Websters Dictionary defines "Shall" as an "Order", or, "Command". Moreover, C.R.S. section 17-22.5-405 (3) mandates that, "Any earned time granted to a parolee shall vest,(emphasis added),upon completion of any semiannual review".

8.) Petitioner, as a "NONVIOLENT FELONY OFFENDER", should have been receiving,(for parole compliance per C.R.S. 17-22.5-405 mandates), his earned time during all of the Twenty-months that he spent on parole (at the rate of up to ten-days per month), which means that Petitioner should have recived the Two Hundred (200) days of statutorily - mandated earned time, and would have received this Two Hundred days of earned time, if not for the fact that Petitioners parole officer,(Mr. Ivan Williams), dropped the ball by failing to compute Petitioners Two Hundred days of possible earned time credits as this parole officer was obligated to have done pursuant to the mandates of not only statutory law 17-22.5-405 C.R.S.,but also the Departments,(D.O.C.) own Administrative Regulation 550-12.

9.) Petitioner attempted to remedy this,(Two Hundred days) earned time matter, via the D.O.C. grievance - procedure and was told that "Per HB1087, you are not allowed/ eligible for earned time while on parole",(Exhibit C).

10.) Petitioner contends herein that D.O.C. has classified him as a"Violent Offender" and therefore is not eligible for earned time while on parole. Petitioner disagrees that he is classified as a "Violent Offender" based on the fact that on the date of his offense,(May 7,1995), his crime, Second Degree Burglary was "statutorily classified as a nonviolent felony offense".

PETITION FOR WRIT OF HABEAS CORPUS;
Page 3.)

---

11.) All Colorado statutory laws are based on whatever statute was in effect on the (Petitioner's) "Date of offense."

12.) May 7, 1995 is the date of offense in the instant case, and the two statutory authorities that govern Petitioner's right to recieve earned time credits while on parole are the (post) July 1, 1993 version of C.R.S. §17-22.5-405, (earned time statute), which confers Ptitioner the right to recieve earned time awards (while on parole), due to the fact that (the other governing authority in this case) C.R.S. §18-4-203, (Second Degree Burglary) was, at the time of Petitioner's May 7, 1995 date of offense, statutorily classified as a "NON VIOLENT FELONY OFFENSE", (emphasis added).

13.) On May 24, 1995, an amendment to the (C.R.S. §17-22.5 -405) earned time statute went into effect making, (per House Bill 95-1087), a Second Degree Burglary (§18-4-203 C.R.S.) violation a "violent offense."

14.) Petitioner's May 7, 1995 date of offense antedates by seventeen days the change, (amendment to C.R.S. §17-22.5-405) in law which, (per House Bill 95-1087), made the crime of Second Degree Burglary (C.R.S. §18-4-203) a "violent crime" for purposes of earned time awards.

15.) To apply the May 24, 1995 statutory amendment retro-spectively (to Petitioner's case), would be in violation of both the federal, (pursuant to U.S.C.A. amend. Article I, section 9), and state constitutions prohibition(s) on ex post facto laws (Colo. Const. Art. II, Sec. 11).

16.) It is well-settled law that new legislation can not be applied retrospectively (to Petitioner) in this matter. House Bill 95-1087 has no retroactive application/component, thus it cannot be applied to Petitioner, as Petitioner's May 7, 1995 date of offense antedates the May 24, 1995 statutory amendment classifying Petitioner's Second Degree Burglary (C.R.S. §18-4-203 violation) as a "violent offense." Petitioner's gov-erning sentence, (95 CR 2393) is classified as a "NONVIOLENT FELONY OFFENSE", therefore, Petitioner is eligible to recieve earned time while on parole.

## Request For Relief

Petitioner requests that he be afforded his due process and equal protection guarantees, (per article II, section 25 of the Colorado constitution), and as a result thereof, he recieve the two-hundred (200) days of statutory mandated earned time that he is eligible to be awarded, (for parole compliance), pursuant to the July 1, 1993 earned time statute (§17-22.5-405 C.R.S), and that Petitioner be immediately discharged from the Colorado Department of Corrections.

<u>CERTIFICATE OF SERVICE</u>

    Petitioner hereby certifies that a true and correct copy
of the foregoing Petition For Writ of Habeas Corpus, pursuant
to C.R.S. §13-45-101 et seq., and accompying Motion For Leave
To Proceed In Forma Pauperis was deposited in the U.S. Mail,
postage pre-paid, and addressed to the following:

clerk of Denver county District court
1437 Bannock Street
Denver, co. 80202

Office of the Attorney General
1525 Sherman Street, 7th Floor
Denver, CO 80203

Aristedes Zavaras
Colorado Department of Corrections
2862 South Circle Drive, Ste. #400
Colorado Springs, CO 80906


Done and signed this 7th day of May, 2008.

*Randy W. Gasper*

Randy W. Gasper,
pro se Petitioner
D.O.C. Reg. No. 53109
Limon correctional Facility
49030 State Hwy. 71
Limon, Co. 80826

**EXHIBIT B1**

OFFENDER RECORDS    Fax:719-226-4899                    PAGE 02/02
04/08/2008  10:51  7192694275          TIME AND RELEASE (·S

Exhibit B

DISTRICT COURT, DENVER COUNTY, COLORADO
Case No. 95CR2393, Div./Ct. Rm. 12                              53109 LCF

JUDGMENT OF CONVICTION, SENTENCE AND ORDER TO SHERIFF (MITTIMUS)

THE PEOPLE OF THE STATE OF COLORADO v.    RANDY W. GASPER, a/k/a
                                          DANNY RAY GASPER

Defendant                                      DOB: 03-05-59   DPD: 140838

On December 4, 1995, the defendant was represented by W. Scott Robinson, Esq.  The People were represented by D.A. Doug
Jackson.

On 10-11-95, the defendant ☒ pled guilty to: ☐was found guilty after trial of:

COUNT FIVE: SECOND DEGREE BURGLARY, C.R.S. § 18-4-203 (CLASS 4 FELONY)
DATE OF OFFENSE:  05-07-95

COUNTS ONE, TWO, THREE, AND FOUR DISMISSED

> COLO. DEPT OF CORRECTIONS
> RECEPTION/DIAGNOSTIC INTAKE
>
> DEC 11 1995
> 53109
> INMATE NO. _____   LCF
> RECEIVED

It is the judgment of this Court that the defendant be sentenced to:
☒ The Custody of the Executive Director of the Department of Corrections
☐ Community Corrections facility:_____
☐ Probation
☐ Other Probation Program_____
☐ Jail Time _____ years/months

FOR A TERM OF:  SEVEN (7) YEARS

> RECEIVED
>
> DEC 1 4 1995
>
> TIME
> COMPUTATION

☒ plus any term of parole authorized by Section 17-22.5-303, C.R.S. ☐ plus one year of post release supervision
The Court orders the defendant be given credit for 0 days pre-sentence confinement.
The defendant shall also pay a $30.00 Court Costs; $125.00 Victim Compensation Cost; $125.00 Victim Assistance Surcharge;
$75.00 GB 1173 Evaluation; and $5,965.00 Restitution.

JUDGMENT OF CONVICTION IS NOW ENTERED.  IT IS FURTHER ORDERED OR
RECOMMENDED:
The defendant is ☐appropriate  ☒ not appropriate  for the Regimented Inmate Training Program.

ORDER: SENTENCE SHALL RUN CONSECUTIVELY TO SENTENCE BEING SERVED (ARAPAHOE
COUNTY CASE NO. 93CR0567)

THEREFORE, IT IS ORDERED:
The Sheriff of Denver County shall convey the defendant to the I Colorado State Department of Corrections Diagnostic Unit

Date: typed December 4, 1995 _____/hkc       HERBERT L. STERN, III, JUDGE          Judge's signature

Inmate Copy

**EXHIBIT B2**

EXHIBIT B

| DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO<br>1437 Bannock St.<br>Denver, CO 80202 | |
| --- | --- |
| **Petitioner:** RANDY W. GASPER | |
| **Respondents:** COLORADO DEPARTMENT OF CORRECTIONS, ARISTEDES ZAVARAS, EXECUTIVE DIRECTOR; KEVIN MILYARD, SUPERINTENDENT, STERLING CORRECTIONAL FACILITY | ▲ **COURT USE ONLY** ▲<br>Case Number: 08CV3823<br><br>Civil Ctrm: 6 |
| **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** | |

The Court, having reviewed the Petitioner's **PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO C.R.S. 13-45-101 ET SEQ.**, Finds and Orders, as follows:

(1) Petitioner admits that he is presently incarcerated in the custody of the Colorado Department of Corrections ("DOC") serving two sentences:

    (a) District Court, Arapahoe County, case number 93CR567: 7 years for possession of a controlled substance schedule II, committed on March 16, 1993, sentenced on May 5, 1994, with 358 days of presentence confinement credit awarded;

    (b) District Court, Denver County, case number 95CR2393: 7 years for second degree burglary, committed on May 7, 1995, sentenced on December 4, 1995, to be served consecutively to the sentence imposed in Arapahoe County case number 93CR567.

(2) Petitioner was paroled on November 22, 2005. Since being granted parole Petitioner has been revoked twice. He is currently serving the sentence at the Limon Correctional Facility. DOC has calculated his discharge date as November 22, 2008.

(3) Petitioner asserts in the Petition for Writ of Habeas Corpus that he should be discharged immediately from DOC because he is entitled to an award of earned time credits and, when combined with time served, he has served the full term of his sentences.

(4) The essential purpose of a habeas corpus proceeding is to determine whether a person is unlawfully detained. *Duran v. Price,* 868 P.2d 375 (Colo. 1994). The habeas corpus proceeding is limited to a determination of whether the custodian has authority to deprive Petitioner of his liberty at the time of the hearing. *Reed v. People,* 745 P.2d 235 (Colo. 1987). The habeas corpus petition should be dismissed without a hearing unless factual

allegations in the petition make a prima facie showing of invalid confinement or show serious infringement of a fundamental constitutional right.

(5) Colorado Courts have consistently rejected the primary argument made by Petitioner that C.R.S. § 17-22.5-405 "confers Petitioner the absolute legal right to receive earn-time credits." (Petition ¶ 3) For example, the inmate-petitioner in *Verrier v. Colorado Dept. of Corrections*, 77 P.3d 875 (Colo.App. 2003) sought review of DOC's denial of his request for earned time credits for his participation in two inmate vocational programs. The trial court granted DOC's motion to dismiss. The inmate appealed and the Colorado Court of Appeals, considered, among other things, C.R.S. § 17-22.5-405 and C.R.S. § 17-22.5-302(1.5) in deciding the case and held that DOC was not mandated by statute to give earned time credit to the inmate, and the inmate had no clear right to receive earned time credit, and the granting of earned time credit was in the discretion of DOC.

(6) Colorado appellate courts have held that the legislative intent of statutory provisions governing computation and application of good time and earned time credits is to use good time and earned time credits only for determining parole eligibility dates. In *Meyers v. Price*, 842 P.2d 229 (Colo. 1992), for example, the petitioner-inmate brought a petition for habeas corpus relief, alleging that he was entitled to unconditional release from incarceration. Petitioner in *Meyer* maintained as does Petitioner here that the total of time served and good time and earned time satisfied his sentence and that he was entitled to immediate release and to an unconditional discharge of his sentence The District Court denied the petition and prisoner appealed. The Colorado Supreme Court held that petitioner was not entitled to unconditional release, and that good time and earned time credits applied only for determining parole eligibility date.

(7) I find that Petitioner here has no right to earned time. Further, DOC has discretion whether or not Petitioner receives earned time. Petitioner appears to be serving lawfully imposed sentences. Petitioner has failed to sufficiently allege facts in the petition showing invalid confinement or to show serious infringement of a fundamental constitutional right. Therefore, for the reasons stated above, Petitioner is not being detained unlawfully and his **PETITION FOR WRIT OF HABEAS CORPUS** is hereby DENIED.

DATED THIS 1st DAY OF JULY, 2008.

BY THE COURT:

The Honorable Larry J. Naves,
District Court Judge

cc: All parties

**EXHIBIT  C**

EXHIBIT C

# STATE OF COLORADO

**COLORADO DEPARTMENT OF CORRECTIONS**

Office of Step 3 Grievance Officer
2862 South Circle Drive, Suite 148
Colorado Springs, CO 80906-4195
Phone: 719.226.4238
Fax:    719.226.4249

Step 3 Grievance Officer

Bill Ritter, Jr.
Governor

Aristedes W. Zavaras
Executive Director

April 17, 2008

RE: Grievance #DR07/08-084 (SCF)

Dear Mr. Randy Gasper #53109:

I have reviewed your Step 3 grievance that you filed with regard to earned time on parole.

In review of this matter I find that CRS 17-22.5-405 (5) (b) specifically excludes offenders with second degree burglary conviction (CRS 18-4-203) from receiving earned time while on parole. The statutory language could have been drafted more clearly however, I still find that CDOC interpretation is correct in this matter. You can review this provision and you will see the reference to your specific offense. Based upon the foregoing I cannot recommend any relief in this matter.

It is your burden to prove the allegations stated in your Step 3 grievance. I have reviewed the facts of this case and determined that you did not meet this burden. There was no corroborating evidence to provide proof of your allegations.

Your request for relief is denied. This is the final administrative response in this matter and you have exhausted your administrative remedies.

Enclosed please find the following copies of all the materials you provided to me in support of the grievance which you have filed: Step 1 Grievance, Step 2 Grievance, and Step 3 Grievance.

Sincerely,

Anthony A. DeCesaro
Grievance Officer

Cc: working file
    grievance file
    Tom Kolle, Offender records

Exhibit C

DC Form 850-04A (07/01/07)

# COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

Grievance Number **DR 07/08-84**      STEP (Circle One) (1) 2 3      ADA?  Yes ☐  No ☒

NAME **Randy W. Gasper**   DOC NO. **53109**   FACILITY **D.R.D.C.**

Instructions:
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH A COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Remedy: ON DECEMBER 27, 2007, I REQUESTED (VIA a "CASEMANAGER KITE") here AT D.R.D.C. to be credited with the ten (10) days a month of STATUTORY EARNED time, (pursuant to C.R.S. §17-22.5-405), that I Am to have received for the following time period that I SPENT on PAROLE: #1.) DECEMBER 2005 = I Am entitled to ten (10) days EARNED time; #2.) JANUARY 2006 through DECEMBER 2006," "to one hundred twenty (120 days) EARN time, (while on PAROLE). #3.) JANUARY 2007 through July 2007, I Am owed, (SEVENTY), 70 days EARNED time, in totality. I request as remedy, the two hundred and ten, (210) days statutory EARNED time be forthwith credited toward my, (April 2008), discharge date. my governing (and preceding) SENTENCE (S) ARE from CASE NUMBER 93 CR 567, And 95 CR 2393, thus, HB 1087 does Not Apply to this inmate, And I request herein, AS A MATTER of LAW, to be credited with the two-hundred and ten-days statutory EARNED time And to be discharged, (As A matter of LAW) in the month of April/2008.

DATE: **12/28/07**   OFFENDER SIGNATURE **Randy W. Gasper - (D.O.C. #53109).**

DATE RECEIVED:   RESPONDING DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER SIGNATURE & ID

**RESPONSE**

Per HB1087, you are not allowed/eligible for earned time while on parole.
**Grievance denied.**

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

DATE: **1-25-08**   SIGNATURE/PRINT NAME & DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER ID #

RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject:

DATE: **1-18-08**   SIGNATURE/PRINT NAME & DOC EMPLOYEE, CONTRACT WORKER, OR VOLUNTEER ID # **Beverly Thompson**

RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.

DATE: **1/2/08**   OFFENDER SIGNATURE/PRINT NAME & DOC# **Randy Gasper #53109**

Original: Department File/AIC   Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

RG/JSDA
1-23-08

Attachment "A"
Page 1 of 1

Major Kleinholz / Major Evans - Earned Time

**EXHIBIT D**

# I N D E X
## (~ SUPPORTING DOCUMENTS ~)

(Petitioners's
Petitioners (May 7, 2008, Case No. 2008 CV 3823)
Four (4) Page Petition For Writ of Habeas
Corpus Pursuant To C.R.S. 13-45-101
et seq... EXHIBIT A.

Court Mittimus, Case No. 95CR2393 ... EXHIBIT B.

April 17, 2008, (Respondent / D.O.C.) Step 3
grievance response...        EXHIBIT C.

SUPREME COURT, STATE OF COLORADO
Civil Case No. _____

Randy W. Gasper,                    Petitioner,

V.

Division 6 Judge, Denver District Court,
                              Respondent.

---

PETITION FOR WRIT OF MANDAMUS PURSUANT
TO C.A.R. 21 IN RE: CASE No. 2008 CV 3823

COMES NOW Randy W. Gasper, Petitioner pro se
And in a good-faith effort enters into this original
proceeding his Petition For Writ of Mandamus Pursuant
To C.A.R. 21 IN RE: CASE No. 2008 CV 3823 offering
the following facts in support therefor:

1.) Randy W. Gasper is the Petitioner in this Action.

2.) Division No. 6 Denver District Court Judge, (Name
unknown to Petitioner at the time of this Action), is the
Respondent in this cause.

3.) The Respondent Court in this Action is Denver
District Court (Division No. 6 Judge), the case name is
Petition For Writ Of Habeas Corpus Pursuant To C.R.S.
13-45-101 et seq., Case No. 2008 CV 3823.

4.) Judge At Division 6, Denver District Court, (Respondent).

5.) The cause of this original proceeding is that
Respondent-District Court Judge, (Div. 6 Denver District Court),
failed to Act RE: CASE No. 2008 CV 3823, viz, "Petition
For Writ Of Habeas Corpus Pursuant To C.R.S. 13-45-101
et seq".

6.) CASE No. 2008 CV 3823 was filed with the Clerk
of Denver District Court on or about, MAY 7, 2008.

7.) Petitioner requests relief in the form of A
Colorado Supreme Court, "Order to Show Cause", (To Respon-
dent, Division 6 Denver Court Judge), As to why Respondent-
has not complied with the C.R.S. § 13-45-101, et seq.
(Twenty (20) day Response-time limit mandate) RE: States
Habeas Corpus Authority; To date, Respondent, And/
or Court Clerk, has not presented any response, Order,
Etc., to Petitioner regarding CASE No. 2008 CV 3823.

PETITION FOR WRIT OF MANDAMUS (C.A.R. 21)
Page 2.):

8.) Petitioners MAY 7, 2008, (Denver District Court filed), "Petition For Writ Of Habeas Corpus" is, in and of itself, an "original Proceeding" and subject to action by the District Court Judge, (Pursuant to Rule 98 C.R.C.P.), and since Petitioner has received no Order/Response whatsoever from the Respondent District Court Judge Re: CASE No. 2008 CV 3823, a pleading to the Colorado Court of Appeals would be improper and the only remedy available to Petitioner is an original Proceeding in the Colorado Supreme Court (Pursuant To C.A.R. 21).

9.) The issues to be presented are: (a.), Does the above-named Respondent, (viz. Division 6, Denver District Court Judge) have the legal authority to ignore the mandates of the (States Habeas Corpus) Statute, (C.R.S. 13-45-101 et seq.), in which Respondent Judge was obligated to have issued an order, (either granting or denying), within the twenty (20) day, (C.R.S. 13-45-101) time-limited mandate; and, (b.), Does the Petitioners MAY 7, 1995, Second Degree Burglary (C.R.S. § 18-4-203) violation, (which, on Petitioners MAY 7, 2008 date of offense), in CASE No. 95CR2393 was statutorily classified as a "NONVIOLENT FELONY OFFENSE"), make Petitioner ineligible to receive earned time awards for parole-compliance, (up to the rate) of ten (10) days per month (pursuant to the July 1st 1993 version of the states earned time statute § 17-22.5-405 C.R.S.) which serves as the Governing Authority in CASE No. 2008 CV 3823, for the twenty (20) months that Petitioner spent, (i.e. for the period of DECEMBER 2005 through July 2007), prior to his first (July 2007) parole revocation; Petitioner, by law, (based on the Applicable C.R.S. § 18-4-203 and § 17-22.5-405 C.R.S. Statutory authorities that were in place and govern CASE No. 95 CR 2393, on the MAY 7, 1995 Petitioners "date of offense") is eligible to receive up to Two-Hundred (200) days of parole compliance earned time awards; said earned time eligibility credit-awards (for parole-compliance), serve to make Petitioner's sentence in CASE No. 95CR2393 fully-served, and entitles Petitioner to a Court-ordered immediate discharge of (current) sentence.

10.) In CASE No. 2008 CV 3823, Respondents, (see "EXHIBIT C."), claim that Petitioner was "ineligible to receive, (C.R.S. § 17-22.5-405 mandated) earned time while on Parole based on Petitioners (MAY 7, 1995 date of offense) crime of Second Degree Burglary (C.R.S. 18-4-203)."

PETITION FOR WRIT OF MANDAMUS (C.A.R. 21)
Page 3.)

11.) Petitioners MAY 7, 1995 "Date of Offense"
is the Key to this matter as Petitioners May 7, 1995
(C.R.S. §18-4-203) Second Degree Burglary violation
was (on May 7, 1995) Statutorily-classified, (for
purposes of C.R.S. §17-22.5-405 earned time eligi-
bility awards) as a "NONVIOLENT FELONY OFFENSE",
(and since the two governing authorities (supra) con-
tain no prohibition(s) to the contrary) Petitioner is law-
eligible to receive statutory earned time awards/credits.

12.) On May 24, 1995, an Amendment to the earned
time (C.R.S. §17-22.5-405) statute, (pursuant to "House
Bill 95-1087") went into effect, "Prohibiting (effective
May 24, 1995), offenders with Second Burglary violations
(C.R.S. §18-4-203) from earned time eligibility while on parole.

13.) Petitioners May 7, 1995 "date of offense"
antedates by seventeen (17) days, the change in law,
("House Bill 95-1087 Amendment") regarding earned time
Eligibility Awards/credits while on parole, thus, Respon-
dents argument (in case no. 2008 CV 3823) that a Second
Degree Burglary violation excludes petitioner from earned
time eligibility, is, without merit.

14.) It is well-settled law that Petitioner is to receive
whatever eligibility-mandates that statutory law,
(as well as constitutional law), confer, based on
Petitioners "Date of offense; (i.e. May 7, 1995)."

15.) House Bill 95-1087 has no Retroactive com-
ponent, nor application; thus, cannot be applied
re: Case No. 2008 CV 3823.

RELIEF REQUESTED
Based on the foregoing reasons and authorities
Petitioner respectfully requests that this Honorable
Court grant this C.A.R. 21 Petition in its entirety,
and as relief, either award the two hundred days of
(statutory) eligible earned time credits and order that
Petitioner be immediately discharged from his Department (D.O.C.)
Sentence, or alternatively, issue its rule to show cause
to Respondent why the relief Petitioner has requested herein
should not be granted.

PETITION FOR WRIT OF MANDAMUS (C.A.R. 21)
Page 4.)

## ADDRESSES OF PARTIES

Judge
Divison 6 Judge
Denver District Court
1437 Bannock Street
Denver, Co. 80202

Randy W. Gasper
D.O.C. Reg. No. 53109
Limon Correctional Facility
49030 State Hwy. 71
Limon, Co. 80826

(Office of State Attorney General
1525 Sherman St. / 7th Floor
Denver, Co. 80203)

## LIST OF SUPPORTING DOCUMENTS

1.)
Four Page Petition For Writ of Habeas Corpus Pursuant To
C.R.S. 13-45-101 et seq., (Case No. 2008 CV 3823);
2.) Court Mittimus, Case No. 95 CR 2393;
3.) April 17, 2008 (Respondent/D.O.C.) Step 3 grievance
response.

Done and signed this 1st day of July, 2008.
Randy W. Gasper
Randy W. Gasper
Petitioner, pro se
Reg. No. 53109
49030 State Hwy. 71
Limon, Co. 80826

## CERTIFICATE OF SERVICE

I hereby certify that ten (10) copies of the foregoing Petition
For Writ of Mandamus Pursuant to C.A.R. 21 In Re: Case
No. 2008 CV 3823 and supporting documents were mailed
to clerk of Colorado Supreme Court, postage prepaid, with
copies addressed to the following parties:

Judge at Division 6
Denver District Court
1437 Bannock Street
Denver, Co. 80202

Office of State Attorney General
1525 Sherman St. / 7th Floor
Denver, Co. 80203

Done and signed this 1st day of July, 2008.
Randy W. Gasper, pro se
Reg. No. 53109
Limon Correctional Facility
49030 State Hwy. 71
Limon, Co. 80826

**EXHIBIT E**

| | |
|---|---|
| Colorado Supreme Court<br>2 East 14th Ave., Fourth Floor<br>Denver, CO 80203 | |
| Original Proceeding<br>District Court, City and County of Denver, 2008CV3823 | |
| **In Re:**<br><br>**Plaintiff:**<br><br>Randy W. Gasper,<br><br>**v.**<br><br>**Defendants:**<br><br>Colorado Department of Corrections; Aristedes Zavaras,<br>Executive Director; Kevin Milyard; and Sterling Correctional<br>Facility. | Supreme Court Case No:<br>2008SA240 |
| **ORDER OF COURT** | |

Upon consideration of the Motion to File Without Payment of Filing Fee and Supporting Financial Affidavit and Petition for Writ of Mandamus Pursuant to C.A.R. 21 In re: Case No. 2008CV2823 filed in the above cause, and now being sufficiently advised in the premises,

IT IS ORDERED that said Motion to File Without Payment of Filing Fee and Supporting Financial Affidavit shall be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that said Petition for Writ of Mandamus

Pursuant to    C.A.R. 21 In re: Case No. 2008CV2823 shall be, and the same

hereby is, DENIED.

BY THE COURT, EN BANC, JULY 17, 2008.



2

Case Number:    2008SA240
Caption:    In re: People v Gasper, Randy

# CERTIFICATE OF SERVICE

Copies mailed via the State's Mail Services Division on 07/18/2008. MB

John W Suthers
Office of the Attorney General
1525 Sherman Street
7th Floor
Denver, CO 80203

Randy W Gasper
LIMON CORRECTIONAL FACILITY
49030 St HWY. 71
Limon, CO 80826

Honorable Larry J Naves
Denver City and County Building
1437 Bannock Street
Denver, CO 80202

DENVER DISTRICT COURT
Denver City and County Building
1437 Bannock Street
Denver, CO 80202