IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01749-LTB-KLM

RANDY W. GASPER,

    Applicant,

v.

STEVE HARTLEY, Warden, Limon Correctional Facility,

    Respondent.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND ORDER THAT THE ORDER TO SHOW CAUSE BE MADE ABSOLUTE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Respondent's Motion to Dismiss Matter as Moot** [Docket No. 15; Filed February 9, 2009] ("Motion to Dismiss"). Pursuant to D.C. Colo. L. Civ. R. 7.1(C), the deadline for Applicant to respond to the Motion to Dismiss was March 4, 2009, but no response was received. A review of the docket reveals that Applicant has not been in contact with the Court since October 16, 2008. This is likely due to the fact that on November 22, 2008, Applicant's sentence was discharged, and he was released from custody [Docket No. 15-2]. Upon his release, Applicant did not provide his prison facility with a forwarding address [Docket No. 19] and did not submit an updated address to the Court. As such, Applicant may have failed to prosecute his case or may intend to abandon this action. At a minimum, Applicant has violated D.C. Colo. L. Civ. R. 10.1(M), requiring that a party file a change of address with the Court within five days.[1]

---

[1] The Local Rule was recently amended to shorten the time period for notice from ten to five days.

Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. L. Civ. R. 72.1.C, the Motion to Dismiss has been referred to this Court for recommendation. For the reasons set forth below, the Court recommends that the Motion be **GRANTED**.

## I. Statement of the Case

Applicant filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on September 9, 2008 [Docket No. 5] ("Application"). Applicant is proceeding *pro se*; hence, his pleadings must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). At the time he filed his Application, Applicant was in the custody of the Colorado Department of Corrections ("CDOC") on a parole violation. In his Application, Applicant contends that the law was misapplied in sentencing and his parole officer failed to conduct "twice-annual reviews" while Applicant was on parole thus depriving him of accrued earned time and prolonging his sentence. *See Application* [#5] at 3, 12.

On February 2, 2009, Respondent filed a Motion to Dismiss arguing that Applicant's § 2241 Application is moot because Applicant had been released from CDOC custody and is not on parole. *Motion to Dismiss* [#15] at 2. Respondent indicates that Applicant's sentence was discharged and he was released on November 22, 2008. *Id.* Applicant's § 2241 Application is therefore moot unless he satisfies one of the exceptions to the mootness doctrine. *See Riley v. INS*, 310 F.3d 1253, 1256-57 (10th Cir. 2002). The court will not dismiss a case as moot if: "(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free

to resume it at any time; or (4) it is a properly certified class action suit." *Id.* at 1257 (citations omitted).

On March 9, 2009, the Court ordered Respondent to file a status report and address the issue of Applicant's current physical location and mailing address [Docket No. 18]. Respondent filed a status report on March 13, 2009 indicating that "[s]ince [Applicant's] sentence was completely discharged and he is not on parole, Applicant is not required to provide CDOC with a contact address, or any information concerning his whereabouts." *Status Report* [#19] at 1-2. Respondent contacted Applicant's former facility to attempt to ascertain his current address, but "there is no record of an address for Applicant in his inmate file." *Id.* at 2.

On March 16, 2009, the Court directed Applicant to show cause in writing on or before March 31, 2009, why his case should not be dismissed as moot and for failure to prosecute [Docket No. 21]. Because Applicant has not apprised the Court of his current address, this Order was sent to Applicant's last known address at the Limon Correctional Facility. The Order was returned as undeliverable [Docket No. 22].

## II. Analysis

Although it appears that the Application is moot given Applicant's release from custody, see *Holley v. Andraschko*, 80 Fed. Appx. 614, 615 (10th Cir. Oct. 22, 2003) (unpublished decision), because the Court is unaware of what collateral injuries, if any, Applicant may suffer as a result of the claims at issue in his Application, I decline to decide the Motion to Dismiss on this ground alone. Fed. R. Civ. P. 41(b) allows the Court to dismiss a plaintiff's claims for failure to prosecute. *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007). This rule is complemented by D.C. Colo. L. Civ. R.

3

41.1, which states: "A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice."

In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the Tenth Circuit enumerated the factors to be considered when evaluating grounds for the involuntary dismissal of an action. The factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.*, 167 F.R.D. 90, 101 (D. Colo. 1996). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921). Given that Applicant is proceeding *pro se*, the Court must carefully conduct its analysis and consider whether "some sanction other than dismissal [with prejudice is appropriate], so that the party does not unknowingly lose [his] right of access to the courts . . . ." *Nasious v. Two Unknown BICE Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 920 n.3).

A.  **Prejudice to Respondent**

From a review of the case file, I find that Applicant has not been in contact with the Court since October 16, 2008, and that Applicant's mail has been returned as undeliverable

4

beginning on February 17, 2009 [Docket Nos. 17, 20 and 22]. Applicant's failure to provide the Court with a current address, as required by D.C. Colo. L. Civ. R. 10.1(M), and failure to keep abreast of his case has caused prejudice to Respondent. Applicant's failures have caused Respondent to expend unnecessary resources and time to attempt to locate Applicant. Likewise, Respondent's burden in going forward would require them to respond to allegations that it appears Applicant has no intention of pursuing.

### B. Interference with the Judicial Process

Applicant failed to comply with the Order to Show Cause issued on March 16, 2009 [Docket No. 21]. Just as Respondent is burdened by Applicant's failure to provide a current address and failure to prosecute his case so, too, is the Court. The issue here "is respect for the judicial process and the law." *See Cosby v. Meadors*, 351 F.3d 1324, 1326-27 (10th Cir. 2003). Applicant's failure to follow the Court's Order and Local Rules demonstrates a lack of respect for the Court, Respondent, and the judicial process. Moreover, if Applicant's case were not dismissed, the Court's review of the Application on its merits and the issuance of a Recommendation would unnecessarily increase the workload of the Court and interfere with the administration of justice.

### C. Culpability of Applicant

Applicant has, without any reasonable excuse, ignored D.C. Colo. L. Civ. R. 10.1(M), which requires that "[w]ithin five days after any change of address . . . of any attorney or pro se party, notice of the new address . . . shall be filed." Applicant has also failed to respond to the Motion to Dismiss [#15] and failed show cause why his case should not be dismissed or provide any justification for his failure to prosecute his case. Although Applicant's pleadings are construed liberally because he is proceeding *pro se,* he is not

5

excused from his obligations to follow the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). The Court must conclude that Applicant is culpable for his failure to follow the Local Rules and failure to litigate his case.

### D. Advance Notice of Sanction of Dismissal

Applicant's mail has been returned to the Court beginning on February 17, 2009 [Docket No. 17]. Moreover, Applicant was released from CDOC custody as of November 22, 2008, and likely did not receive Respondent's Motion to Dismiss. Accordingly, the Court cannot reasonably state that Applicant has received any advance notice from the Court or via the Motion to Dismiss that dismissal of his Application could result.

### E. Efficacy of a Lesser Sanction

However, I conclude that no sanction less than dismissal would be effective. Although Applicant is proceeding *pro se*, that does not excuse his conduct here. *See Green*, 969 F.2d at 917. In addition, based upon Applicant's unknown location, the Court doubts that a monetary sanction would be practical or effective. Further, Applicant's conduct impacts both the judicial system and Respondent jointly, and considering that Applicant has essentially neglected his case, the Court finds that no lesser sanction would be effective and dismissal with prejudice is the appropriate result.

### III. Conclusion

Accordingly, I respectfully **RECOMMEND** that the Motion to Dismiss be **GRANTED**, and that the Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 be **DISMISSED with prejudice** as moot and for failure to prosecute.

IT IS FURTHER **ORDERED** that the Order to Show Cause [#21] is **MADE ABSOLUTE**.

IT IS FURTHER **ORDERED** that pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this Recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: April 6, 2009

BY THE COURT:

 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix